## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**RELIABLE MARINE TOWING AND SALVAGE, LLC,**

     Plaintiff,

v.                                   2:23-cv-913-SPC-NPM

**NORTH CAPTIVA BARGE COMPANY, LLC**
and **DUNCAN ROSEN,**

     Defendants.

_____

## ORDER

Plaintiff Reliable Marine Towing and Salvage, LLC ("Reliable Marine") requests a default judgment against defendants North Captiva Barge Company, LLC ("North Captiva") and Duncan Rosen. They were previously defaulted for failing to answer or otherwise defend. (Docs. 10, 11). Defendants also failed to respond to the pending the motion, and the time to respond has passed.[1] Leaving costs to be taxed by the clerk, the motion is **granted in part**.

## I.    Background

On or about January 21, 2023, Reliable Marine responded to a Mayday! call from North Captiva that one of its vessels—a 40' commercial work-barge—was

---

[1] Reliable Marine contacted defendants as recently as June 26, 2024, during which Rosen indicated he was aware of the impending default judgment and that plaintiff was moving forward regarding the same. (Doc. 15). Even so, defendants have not responded, nor have they moved to vacate the clerk's default.

taking on water and sinking in the Jug Creek area of Pine Island, Florida. (Doc. 1 ¶ 5; Doc. 12-1). Rosen[2] informed Reliable Marine that the vessel was covered by Lloyd's of London boat insurance and requested that the vessel be salvaged from its sunken position. (Doc. 1 ¶ 6). As a result, Reliable Marine agreed to provide maritime services. (*Id.*). The raising of the vessel took approximately 46 hours, including six hours of salvage diver time and the use of two towboats for several hours. (Doc. 12-1 at 6). After being refloated, Reliable Marine was able to safely tow the vessel to a local safe harbor for repairs. (Doc. 1 ¶¶ 8-9).

Rosen executed a contract on behalf of North Captiva, a copy of which was provided to defendants at the scene of the salvage. (Doc. 1 ¶ 10; Doc. 12-1 at 7). The contract provides that the "[i]nvoice is due and payable at completion of the requested service and interest of 1% monthly shall apply to any balance over thirty (30) days." (Doc. 12-1 at 7). The invoice, in turn, billed $17,927.50 based on hourly rates and the provision of a powered salvage pump, pillow bags, and rigging hoses and manifolds. (*Id.* at 6-7).

Demand for payment was made of defendants. (Doc. 1 ¶ 12). Rosen acknowledged the debt owed to Reliable Marine and agreed to pay three monthly instalments to satisfy the principal balance as set forth in the invoice. (*Id.*). However,

---

[2] Rosen is listed as the registered agent for North Captiva Barge Company, LLC, and is also an owner of the salvaged vessel. (Doc. 1, ¶ 4; Doc. 9).

defendants never made a payment. (*Id.*). Therefore, on October 18, 2023, Reliable Marine filed suit against North Captiva and Rosen for the non-payment of salvage services rendered to defendants' vessel—asserting claims for breach-of-contract and quantum meruit. (*Id.* at 4, 6).

## II.    Legal Standard

When a defendant has failed to plead or defend, the district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). "Because of our strong policy of determining cases on their merits, however, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-1245 (11th Cir. 2015). So, "there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982). Therefore, the court must first review subject-matter jurisdiction, personal jurisdiction, service of process, and whether the complaint states a claim upon which relief may be granted before entering judgment. *See Winfield Sols., LLC v. DeAngelo Bros.*, LLC, No. 3:21-cv-1280-BJD-LLL, 2022 WL 3136840, *1 (M.D. Fla. July 1, 2022), *report and recommendation adopted*, 2022 WL 3646084 (Aug. 8, 2022).

## III.    Analysis

Because this matter presents a maritime claim under admiralty jurisdiction, we have subject-matter jurisdiction. *See* 28 U.S.C. § 1333; *Treasure Salvors, Inc. v.*

*Unidentified Wrecked and Abandoned Sailing Vessel*, 640 F.2d 560, 566 (5th Cir. 1981) ("Claims arising out of salvage operations efforts to rescue or recover ships disabled or abandoned at sea or to retrieve their cargo are, unquestionably, within the admiralty jurisdiction of the federal courts."). Personal jurisdiction over defendants exists because Rosen[3] is domiciled in Florida and North Captiva conducts and operates its business in Lee County, Florida. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *see also* Fla. Stat. § 48.193. The defendants were properly served with process. (Docs. 8, 9). And because they failed to answer, they have admitted all non-frivolous allegations in the complaint, except those going to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6).

Default judgment is warranted when there is a sufficient basis in the pleadings for judgment to be entered. *Surtain*, 789 F.3d at 1245. When evaluating the sufficiency of the alleged facts, a court looks to whether the complaint contains sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach."

---

[3] Rosen is not a minor and there is no indication that he is incompetent. Moreover, Reliable Marine has supplied an affidavit under the Servicemembers Civil Relief Act, 50 U.S.C.A. § 501 *et seq.*, demonstrating that Rosen is neither in military service nor otherwise exempt from default judgment. (Doc. 15). As such, Rosen is not disqualified from having default judgment entered against him.

*Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). Here, the complaint contains sufficient factual allegations to support these elements. Reliable Marine alleges that the parties have a contract—for salvaging the vessel—and a copy is attached to their motion for default judgment. (Doc. 12-1 at 7). Reliable Marine alleges that defendants breached the contract by failing to pay the principal balance of the charges set forth in the invoice. Because of their default, defendants are deemed to have admitted these sufficient allegations. So the court finds defendants liable to Reliable Marine for breach of contract.[4]

A default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). And Reliable Marine does not seek a default judgment for anything more than what it demands in its verified complaint: $17,927.50 **(and prejudgment interest at the contract rate)**. Moreover, the damages sought are further supported by the invoice attached to the motion for default judgment. (Doc. 12-1 at 7).

Defendants agreed "to pay in full all charges including attorney's fees and costs should collection procedures be necessary." (Doc. 12-1 at 7). So Reliable Marine is entitled to attorney's fees and costs. Any award of fees, however, is subject

---

[4] Since a valid contract exists between Reliable Marine and defendants, the court need not address Reliable Marine's alternative claim for quantum meruit (or "quasi-contract"). *See Small v. Blue Cross, No. 3:23-cv-603-MMH-PDB, 2024 WL 482802, *8 (M.D. Fla. Feb. 2, 2024)* (quoting *F.H. Paschen, S.N. Nielsen & Assocs. LLC v. B&B Site Dev., Inc.*, 311 So. 3d 39, 49 (Fla. 4th DCA 2021) ("As a general principle, a plaintiff cannot pursue an implied contract theory, such as unjust enrichment or quantum meruit, if an express contract exists.")).

to Reliable Marine filing a supplemental motion on amount in accordance with Local Rule 7.01(c).

Reliable Marine's motion requests—but does not substantiate—$1,162.66 as taxable costs. (Doc. 12 at 3; Doc. 12-2). The proper procedure is for Reliable Marine to present a verified bill of costs to the clerk. *See* Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920. As such, Reliable Marine's request for costs is denied without prejudice subject to it filing—within a reasonable time—a verified bill of costs with supporting documentation. *See Hernandez v. Drop Runner, LLC.*, 8:23-cv-1302-TPB-JSS, 2023 WL 6626564, *6 (M.D. Fla. Sept. 25, 2023), *report and recommendation adopted sub nom.*, 2023 WL 6621046 (Oct. 11, 2023*)* (denying request for costs without prejudice to the filing of a bill of costs with the clerk).

## IV.    Conclusion

Reliable Marine's motion for default judgment (Doc. 12) is **GRANTED IN PART**. The clerk is directed to enter judgment for Reliable Marine in an amount equal to the sum of $18,198.33 (representing $17,927.50 in damages and $270.83 in prejudgment interest). The judgment need not contain any express reference to post-judgment interest because such interest will automatically accrue by statute. *See* 28 U.S.C. § 1961(a). The remainder of Reliable Marine's motion (its unsubstantiated request for taxable costs) is **DENIED without prejudice**. And with entitlement to

fees established, Reliable Marine must file any Local Rule 7.01(c) motion within fourteen days of the issuance of this order.[5]

**ORDERED** on July 26, 2024.

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[5] Because default judgment under Rule 55(b)(1) may be entered by the clerk if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, and that is what we are doing here, the entry of this judgment is nothing more than a ministerial act. Nevertheless, objections to the order may still be made pursuant to Rule 72(a).